**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3829-18T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

BAO DOAN,

    Defendant-Appellant.

_____

> Argued February 27, 2020 – Decided April 8, 2020
>
> Before Judges Alvarez and Suter.
>
> On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 99-01-0098.
>
> Timothy Scott Farrow argued the cause for appellant (Dash Law, LLP attorneys; Timothy Scott Farrow, on the brief).
>
> Nicole Lynn Campellone argued the cause for respondent (Damon G. Tyner, Atlantic County Prosecutor, attorney; Nicole Lynn Campellone, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Bao Doan appeals the April 16, 2019 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. For reasons that follow, we affirm the order in part because defendant did not establish a prima facie case of ineffective assistance of counsel. However, we reverse in part and remand the case for the PCR court to determine defendant's request to vacate his guilty plea.

I.

Defendant pleaded guilty on March 17, 1999 to count nine of Atlantic County indictment 98-12-2971 charging him with third-degree theft by deception, N.J.S.A. 2C:20-4. On the same day, he pleaded guilty under Atlantic County indictment 99-01-0098 to count three, charging third-degree attempted theft by deception, N.J.S.A. 2C:20-4 and count eight, charging third-degree burglary, N.J.S.A. 2C:18-2(a)(1). He was sentenced in June 1999, to a three-year term of incarceration on each count, to be served concurrently. Defendant served his sentence. He did not file a direct appeal of his plea or sentence.

In October 2018, defendant filed for post-conviction relief (PCR).[1] Defendant requested to vacate his guilty plea because he alleged an adequate factual basis was not presented at the plea hearing and because he did not receive

_____

[1] The PCR petition was not included in the appendix.

adequate advice from his attorney about the immigration consequences of his guilty plea. Defendant stated in his supporting certification, that prior to pleading guilty, the trial court did not ask him whether he needed an interpreter, whether he was a citizen or whether he was aware of "the potential immigration consequences of [his] guilty plea." He alleged he would have asked for a Vietnamese interpreter had he known to do so, because his primary language is Vietnamese. He claimed he would not have pleaded guilty if he had been advised of the "potential consequences prior to entering [his] guilty plea." His certification asked to vacate his guilty plea and to remand the case for a new trial.

Defendant argued that a federal policy, which had been in effect since 2008 and precluded the Vietnamese who came to the United States before July 1995 from being deported, was being changed to allow those with criminal convictions to be deported. Defendant claimed he filed his PCR petition when he learned about this change in October 2018.

The trial court found this policy change did not constitute excusable neglect because defendant pleaded guilty in 1999, before the 2008 policy was in effect. Defendant initialed and signed the plea form, which included a question advising him he may be deported based on his plea. The court found defendant

A-3829-18T1

"was on full notice at the time of the plea on March 17, 1999, that these were offenses to which he could be subject to potential deportation . . . ." It also concluded the five-year window for defendant to file a PCR petition ended in 2004, even before the policy was instituted. The PCR court rejected defendant's argument that the factual bases for his guilty pleas were not adequate to support a knowing and voluntary waiver of his rights, because issues about the factual bases could have been raised in a direct appeal. The PCR court determined defendant failed to show a prima facie case for ineffective assistance of counsel because defendant's attorney did not "provide false or willful misleading information as to immigration consequences . . . ." Defendant's PCR petition was denied on April 16, 2019, without an evidentiary hearing.

Defendant presents the following issues on appeal:

> POINT I: THE PCR COURT ERRED IN DENYING MR. DOAN'S MOTION TO WITHDRAW HIS GUILTY PLEA AND THE MATTER SHOULD BE REMANDED FOR AN EVIDENTIARY HEARING, BECAUSE: (1) THE PLEA WAS NOT KNOWING AND VOLUNTARY, AS MR. DOAN DID NOT KNOW THAT HE COULD BE DEPORTED BASED UPON HIS PLEA; AND (2) HE DID NOT UNDERSTAND NOR PROVIDE A FULL FACTUAL BASIS FOR THE CHARGES.
>
> > A. THE MOTION TO WITHDRAW THE GUILTY PLEA AND PETITION FOR POST-CONVICTION (sic) BASED ON

INEFFECTIVE ASSISTANCE OF COUNSEL MUST BE CONSIDERED SEPARATELY.

POINT II: DEFENDANT'S PCR PETITION IS NOT TIME-BARRED AS HE HAS ESTABLISHED EXCUSABLE NEGLECT FOR FILING HIS PETION (sic) PAST THE FIVE-YEAR TIME LIMIT AND ENFORCEMNT (sic) OF THE TIME BAR WOULD RESULT IN A FUNDAMENTAL INJUSTICE.

A. MR. DOAN HAS ESTABLISHED EXUSABLE (sic) NEGLECT, BECAUSE UNTIL 2018, AS A VIETNAMSE (sic) IMMIGRANT, HE NEVER FACED IMMINENT DANGER OF DEPORTATION.

B. ENFORCEMENT OF THE TIME BAR WOULD RESULT IN A FUNDAMENTAL INJUSTICE, AS IT WAS CLEAR THAT MR. DORN SHOULD HAVE HAD AN INTERPRETER DURING HIS PLEA COLLOQUY.

POINT III: DEFENDANT'S GUILTY PLEAS MUST BE VACATED BECAUSE HE WAS MIS-ADVISED BOTH BY HIS COUNSEL AND THE COURT CONCERNING THE DEPORTATION CONSEQUENCES OF THAT PLEA. AT MINIMUM, DEFENDANT'S CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL SHOULD NOT BE DISMISSED WITHOUT AN EVIDENTIARY HEARING.

## II.

### A.

Under Rule 3:22–12(a)(1)(A), a PCR petition shall not be filed more than five years after entry of a judgment of conviction unless the delay was "due to defendant's excusable neglect and . . . there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice[.]" This "time bar should be relaxed only 'under exceptional circumstances' because '[a]s time passes, justice becomes more elusive and the necessity for preserving finality and certainty of judgments increases.'" State v. Goodwin, 173 N.J. 583, 594 (2002) (quoting State v. Afanador, 151 N.J. 41, 52 (1997)).

To establish "excusable neglect," a defendant must demonstrate "more than simply . . . a plausible explanation for a failure to file a timely PCR petition." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009). Factors to be considered include "the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an 'injustice' sufficient to relax the time limits." Afanador, 151 N.J. at 52 (quoting State v. Mitchell, 126 N.J. 565, 580 (1992)). The "burden to justify filing a petition after the five-year period will increase with the extent of the

delay" unless there are "compelling, extenuating circumstances."  Ibid.  To establish a fundamental injustice, "there should at least be some showing that . . . [the alleged violation] played a role in the determination of guilt."  State v. Laurick, 120 N.J. 1, 13 (1990).

Defendant filed his PCR petition in 2018, approximately nineteen years after he was sentenced.  This was well outside the five-year limit.  Defendant contends his delay was excusable because he could be facing deportation given the recent change in federal policy.

We agree with the trial court that this circumstance did not constitute excusable neglect.  The federal program that may be ending and could result in defendant's deportation did not commence until 2008.  There was nothing preventing his deportation from 1999 through 2008.  The federal policy, having started and ended more than five years after defendant's judgment of conviction did not constitute excusable neglect under Rule 3:22–12(a)(1)(A) to permit a late filing in 2018.

B.

Defendant contends he was not aware of the immigration consequences of his plea because of the ineffective assistance of his attorney.  He asserts this constituted excusable neglect for his late filing.

A-3829-18T1

The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by our Supreme Court in State v. Fritz, l05 N.J. 42 (1987). In order to prevail on a claim of ineffective assistance of counsel, defendant must meet the two-prong test of establishing both that: (1) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In the plea bargain context, "a defendant must prove 'that there is a reasonable probability that, but for counsel's errors, [he or she] would not have pled guilty and would have insisted on going to trial[,]'" State v. Gaitan, 209 N.J. 339, 351 (2012) (first alteration in original) (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)), and that "a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010).

A-3829-18T1

We note that defendant's certification supporting his PCR petition did not allege anything about incorrect advice by his attorney. It alleged the trial court did not advise him about the deportation consequences of his plea. Because defendant did not claim his attorney's performance was deficient, defendant did not satisfy the first prong of Strickland.

In 2009, our Supreme Court held a defendant can show ineffective assistance of counsel by proving that his guilty plea resulted from "inaccurate information from counsel concerning the deportation consequences of his plea." Nuñez-Valdéz, 200 N.J. at 143. In 2010, the United States Supreme Court extended counsel's duty, holding that counsel had an affirmative duty to inform a defendant entering a guilty plea regarding the relevant mandatory removal law if it is "succinct, clear, and explicit . . . ." Padilla, 559 U.S. at 368. Accordingly, in Padilla, the Supreme Court expanded the law to encompass both a duty not to provide misinformation, and a duty to affirmatively explain the potential removal consequences of a criminal guilty plea. Ibid. In 2013, the Supreme Court clarified that Padilla imposed a new obligation and announced a new rule of law. Chaidez v. United States, 568 U.S. 342, 349 (2013). Consequently, the holding in Padilla only applies prospectively, and defendants whose convictions became final prior to the holding in Padilla in 2010, cannot benefit from that

A-3829-18T1

holding. Chaidez, 568 U.S. at 358. In State v. Gaitan, 209 N.J. 339, 371 (2012), our Supreme Court reaffirmed that an ineffective assistance of counsel claim could be premised on counsel's false or affirmatively misleading advice about the immigration consequences of a plea.

Defendant's arguments concerning ineffective assistance of counsel must be assessed under the law when he pleaded guilty. See State v. Santos, 210 N.J. 129, 143 (2012). Defendant did not certify what advice he was given by his attorney that was misleading. Without this, defendant did not satisfy the first prong of Strickland.

Defendant did not demonstrate that "had he been properly advised, it would have been rational for him to decline the plea offer and insist on going to trial and, in fact, that he probably would have done so[.]" State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011) (citing Padilla, 559 U.S. at 372). This was the second requirement under Strickland. In this case, defendant had a favorable plea deal. He was facing three five-year terms and a $15,000 fine on each count. Under the plea deal, defendant received one three-year term and the other counts of the indictments were dismissed.

Having failed to show that defendant's attorney's performance was deficient on the immigration issue or that he was prejudiced, the trial court was

correct to determine that a prima facie case of ineffective assistance was not shown nor was there a basis under Rule 3:22-12(a)(1)(A) to excuse defendant's delay.

C.

Defendant argues that the trial court did not establish a factual basis satisfying Rule 3:9-2 when his guilty plea was taken in 1999 and asks to withdraw the guilty plea or for a remand for an evidentiary hearing. Defendant raises an issue about his ability to understand the guilty plea proceedings because his primary language is Vietnamese.

Defendant did not file a direct appeal raising either of these issues. Post-conviction relief is not a substitute for direct appeal. R. 3:22–3. "[A] defendant may not employ post-conviction relief to assert a new claim that could have been raised on direct appeal . . . or to relitigate a claim already decided on the merits . . . ." Goodwin, 173 N.J. at 593. Under Rule 3:22–4(a), a petitioner may be barred from asserting any claims he could have raised at trial or on direct appeal, unless the judge concludes:

> (1) that the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding; or

11

(2) that enforcement of the bar to preclude claims, including one for ineffective assistance of counsel, would result in fundamental injustice; or

(3) that denial of relief would be contrary to a new rule of constitutional law under either the Constitution of the United States or the State of New Jersey.

This rule is intended "to promote finality in judicial proceedings[.]" State v. Echols, 199 N.J. 344, 357 (2009) (quoting State v. McQuaid, 147 N.J. 464, 483 (1997)).

Both claims—that the factual basis for the guilty plea was inadequate under Rule 3:9-2 and that defendant should have had an interpreter at the plea hearing—could have been raised in a direct appeal. Having not done so, they cannot be raised in a PCR. R. 3:22-4(a). There is no reason the claims could not have been raised earlier. Defendant has not shown ineffective assistance of counsel. Defendant has not asserted any new rule of constitutional law. Therefore, we are satisfied the PCR court correctly denied defendant's petition for PCR relief.

III.

Defendant argues on appeal that the PCR court erred by denying his request to vacate his guilty plea. The PCR court acknowledged defendant sought to vacate the plea because he did not "understand the nature of the proceeding

or that . . . [there was not] an adequate factual basis for [the] plea." We agree with defendant that the PCR court did not separately analyze his request to vacate his plea. We, therefore, are constrained to reverse and remand on that basis.

A request to withdraw a plea and a petition for PCR based on ineffective assistance of counsel are "distinct, and governed by different rules of court." State v. O'Donnell, 435 N.J. Super. 351, 368 (App. Div. 2014). "They must be considered separately." Ibid. A motion to withdraw a plea may be made after sentencing "if the movant shows a 'manifest injustice.'" Ibid. (quoting R. 3:21-1). "By contrast, a petition for PCR must be filed within five years of the challenged judgment of conviction, absent excusable neglect where enforcement of the bar would result in a 'fundamental injustice.'" Id. at 368-69. (quoting R. 3:22-12(a)). "[C]onsideration of a plea withdrawal request," however, "can and should begin with proof that before accepting the plea, the trial court followed the dictates of Rule 3:9-2." Id. at 369 (quoting State v. Slater, 198 N.J. 145, 155 (2009)).

The PCR court denied this portion of defendant's request because issues about the factual basis could have been raised in a direct appeal. See R. 3:22–4(a). However, the PCR court did not determine for purposes of Rule 3:21-1,

whether the factual basis provided at the plea hearing was adequate under Rule 3:9-2. As O'Donnell instructs, these are separate applications that should not be conflated. 435 N.J. Super. at 371. As such, we reverse this portion of the order and remand it to the PCR court for further analysis consistent with O'Donnell.

Affirmed in part; reversed in part and remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3829-18T1